GENERAL ELECTRIC CAPITAL
CORP., Appellee,

v.

Vinod M. VASHI a/k/a Victor Vashi
a/k/a Gary Vashi and Surekha
V. Vashi, Appellants.

No. 90–1866.

Supreme Court of Iowa.

Feb. 19, 1992.

Michael P. Mallaney and Michael E. Marshall of Smith, Mumford & Wimer, P.C., Des Moines, for appellants.

Elizabeth E. Goodman of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, NEUMAN, and SNELL, JJ.

LARSON, Justice.

Vinod M. Vashi and Surekha V. Vashi, owners of a hotel in Des Moines, leased a telephone system for $149,784 from Honeywell Communication Services. The lease created a security interest under the Uniform Commercial Code. *See* Iowa Code §§ 554.1201(37), 554.9102(1)(a) (1989). Honeywell assigned its lease rights to the predecessor to General Electric Capital Corporation (GECC). Vashis defaulted, and GECC took possession of the collateral and sued Vashis for the balance due under the lease. The trial court granted the deficiency judgment, and Vashis appealed. We affirm.

The record revealed the following facts. When Vashis missed two payments, GECC sent a letter accelerating payment of the balance due and demanding payment in full. In the meantime, Vashis had petitioned for relief under chapter 11 of the bankruptcy code. GECC did not immediately seek permission of the bankruptcy court to take possession of the collateral, hoping to negotiate with the debtors in possession, or with a new owner, to sell the equipment in place. These efforts were unsuccessful.

GECC took possession of the equipment and removed it from the hotel under a contract with a company called Self & Associates, which agreed to liquidate it for GECC. An estimated value of $20,000 was established.

GECC sent notice to Vashis, advising them that GECC would dispose of the collateral after ten days. *See* Iowa Code § 554.9504(3). The equipment was never sold by GECC, and the deficiency judgment from which Vashis appeal gave no credit to them for the collateral that was retained by GECC.

On appeal, Vashis claim the trial court erred: (1) in determining that there was a "disposition" of the collateral under Iowa Code section 554.9504; (2) in ruling that GECC's disposition of the collateral was "commercially reasonable" under section 554.9504; (3) in ruling that GECC had not elected to retain the collateral in lieu of payment, under section 554.9505(2); and (4) in failing to give credit for the value of the collateral retained by GECC.

I. *Was There a "Disposition" of the Collateral?*

Iowa Code section 554.9504 states in part:

1. A secured party after default may sell, lease or otherwise dispose of any or all of the collateral....

. . . .

3. Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable.

■ A secured party seeking a deficiency judgment must prove compliance with the Uniform Commercial Code requirements for the disposition of collateral. *John Deere Leasing Co. v. Fraker,* 395 N.W.2d 885, 887 (Iowa 1986).

Vashis argue that the collateral was retained by GECC, and therefore, there was no "disposition" of it. "Disposition" is not defined in chapter 554 or in the Uniform Commercial Code. However, the language of section 554.9504(1) and (2) suggests that it means an actual transfer of an interest in the collateral by sale, lease, or contract. *See IGF Leasing Co. v. Gordon,* 776 P.2d 607, 612–13 (Utah 1989). The issue here is whether a "disposition" of the collateral to a third party is a condition precedent to a deficiency judgment, as Vashis argue.

■ Section 554.9504(1) provides that a secured party *may* dispose of the collateral; it does not require it to do so. If the party fails to do so, of course, it runs the risk of a court finding it has retained the collateral in lieu of payment. *See* Iowa Code § 554.9505(2). We deal with that issue in a later division.

■ Although the trial court concluded that GECC had "disposed" of the collateral under the provisions of section 554.9504(1), we do not believe such a finding is necessary in order to establish the right to a deficiency judgment. When the evidence shows, as the court found here, that the secured party retains possession of the collateral only because there is no market for it, failure to "dispose" of the property should not deprive the party of a deficiency judgment.

## II. Was the Disposition "Commercially Reasonable"?

GECC was originally prevented from taking possession of the collateral because of the bankruptcy proceedings. It did not attempt to get immediate permission from the bankruptcy court to remove the equipment, because it felt it was more prudent to leave the equipment in place and negotiate with the occupant of the hotel. This would reduce attorney fees, costs of removal, and, ultimately, the amount of any deficiency judgment.

After GECC seized the equipment, it notified Vashis of its intention to dispose of the collateral after ten days. *See* Iowa Code § 554.9505(2). Vashis responded by offering $15,000 for the equipment but conditioned it on being released from all liability. GECC refused the offer. Self & Associates contacted several hotel management companies to sell the equipment; however, it was discovered that essential software was missing, rendering the equipment virtually worthless. There was testimony that, for all practical purposes, software was not available. Self & Associates also contacted various wholesalers of telecommunications equipment, and GECC attempted to sell the equipment through brokers. GECC ultimately decided to scrap the equipment but has received nothing for it.

■ Whether a disposition of collateral is commercially reasonable is a question of fact. *John Deere Leasing*, 395 N.W.2d at 887. We believe that substantial evidence supports the trial court's finding that the "disposition" was commercially reasonable under these facts.

## III. Did GECC Elect to Retain the Equipment in Lieu of Payment?

■ Iowa Code section 554.9505(2) provides in part:

> In any other case involving consumer goods or any other collateral a secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor if the debtor has not signed after default a statement renouncing or modifying the debtor's rights to notice and to object to retention of the collateral in full satisfaction of the obligation, under this subsection.

This procedure is sometimes called "strict foreclosure." *See, e.g.,* J. White & R. Summers, *Uniform Commercial Code* § 26–8, at 1104 (1980).

Under strict foreclosure, a creditor must ordinarily take possession of the collateral and notify the debtor of his intention to retain the collateral in satisfaction of the obligation, unless notice is waived. *Id.* at 1106. Even if these requirements have not been met, it is possible for a debtor to establish a strict foreclosure, thus forcing the creditor to accept the collateral in full satisfaction of the debt. *Id.* at 1107.

■ In this case, Vashis attempt to establish strict foreclosure under section 554.9505(2), even though GECC did not send notice of its intent to do so. A debtor may, after default, waive his right to such notice. *See* § 554.9505(2); White & Summers § 26–8, at 1105–06.

■ The problem with Vashis' strict foreclosure argument is that the court found that GECC did not elect to keep the

collateral but kept it only because it had no choice; it was unable to find a purchaser for it. A debtor seeking to establish a strict foreclosure in satisfaction of the debt has the burden of establishing that the creditor manifested an intent to do so. *Nelson v. Armstrong,* 99 Idaho 422, 430, 582 P.2d 1100, 1105 (1978); *Wisconics Eng'g Co. v. Fisher,* 466 N.E.2d 745, 764 (Ind.App.1984). The trial court, finding the facts to be otherwise, properly rejected Vashis' strict foreclosure argument.

### IV. *The Amount of the Judgment.*

Vashis claim that they should have credit for the equipment, which, they claim, is worth $25,000. They cite no evidence to support that claim, and we find none. There was substantial evidence that the equipment in its present state had no value, and the court did not err in failing to give credit for it.

AFFIRMED.